UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO. 0:10-cr-07-DLB-4

UNITED STATES OF AMERICA,                                             PLAINTIFF,

V.     **MAGISTRATE JUDGE'S
       REPORT AND RECOMMENDATION**

CHARLES NELSON MONROE ISON,                                          DEFENDANT.

***** ***** *****

This matter came before the Court for a final revocation hearing on June 20, 2013, as a result of a Supervised Release Violation Report dated March 27, 2013 and an Addendum to the Supervised Release Violation Report dated June 11, 2013. The report and addendum outline five (5) total violations of Defendant's Supervised Release: one( 1) violations of Supervised Release condition #2, one (1) violation of Standard Condition # 7, one (1) violation of Standard Condition # 9, and one (1) violation of Standard Condition # 3. At the final hearing, Mr. Ison was present and represented by appointed counsel, Noah Friend, and the United States by and through Assistant United States Attorney Laura Voorhees. Ison stipulated to the three (3) violations as outlined in the report and the one (2) violation as outlined in the addendum and waived his right of allocution before a United States District Judge.  The United States asked for a term of imprisonment of twelve (12) months, and the Defendant requested incarceration for a period of ten (10) months  The matter now stands submitted for a recommendation from the undersigned.  For the reasons that follow, the undersigned will recommend that Mr. Ison be found guilty of the five (5) violations as outlined in the report and addendum, and that the Court impose a sentence of twelve months incarceration.

**FINDINGS OF FACT**

At the hearing on June 20, 2013, Mr. Ison admitted to the facts as outlined in the violation report and the addendum. Specifically, Ison admitted to illegal use of Oxycodone during the term of his supervised release. In addition, Ison admitted that he failed to file monthly reports to the probation office as required; that he failed to attend substance abuse treatment as directed; that he has failed to make restitution payments; that he attempted to steal items from Kmart, in Grayson; and associated with persons engaged in criminal activity, all as alleged in the report and addendum. The stipulated conduct establishes, by a preponderance of the evidence, that the Defendant has violated the following conditions of his supervised release:

(1) Standard Condition #1: The defendant shall report to the Probation officer and shall submit a truthful and complete written report within the first five days of each month;

(2) Special Condition #1: The defendant shall participate in a substance abuse treatment program and shall submit to periodic drug and alcohol testing at the direction and discretion of the Probation Officer during the term of supervision:

(3) Special Condition #6: Although the total amount of restitution in this matter is greater, the defendant shall pay restitution in the amount of $2,430.98, which shall be due immediately. This amount shall be joint and several with his co-defendants. The defendant shall pay 425 quarterly installment payments while incarcerated, unless employed throughthe Bureau of Prisons Unicor Industries, then he shall pay $60 per quarter. Any unpaid remaining balance shall become a condition of his supervision anbd a payment schedule will be set by subsequent order.

(4) Supervised Release Condition: The defendant shall not commit another federal, state or local crime; and

(5)     Standard Condition # 9: The defendant shall not associate with any person engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

## RECOMMENDATION

In making a recommendation regarding the imposition of sentence, the undersigned has considered the following factors set forth in 18 U.S.C. § 3553:

(i) The nature and circumstances of the offense. All of the violations charged in the report and addendum involve conduct intended to deceive others, including the Court. In addition, the failure to follow the conditions such as those requiring payment of restitution and substance abuse treatment are indicative of a failure to take responsibility for the Defendant's past and present problems and conduct. Finally, the report and addendum, and the Defendant's statements, give no indication of thought or perception regarding how to modify or change this pattern of behavior.

(ii) The history and characteristics of the defendant. On January 10, 2011, the Defendant was sentenced to a term of ten (10) months imprisonment to be followed by a three-year term of supervised release, after pleading guilty to Aiding and Abetting Conspiracy to Manufacture, Utter & Possess Counterfeit Checks, in violation of Title 18 U.S.C. §371 and 2. Defendant began his term of supervised release on November 1, 2011. The instant matter is Defendant's third occasion for violating the terms of his supervised release. The Defendant previously tested positive for Oxycodone, Marijuana and Buprenorphine April 30, 2012, and Oxycodone on August 28, 2012. However, he was allowed to continue on supervision and was placed in substance abuse treatment.

(iii) The need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to

3

future conduct; and to protect the public from further crimes of the Defendant. Considering the Defendant's criminal history category, the instant and past violations in this matter, his personal history and struggle with substance abuse, the Court believes a period of twelve (12) months incarceration to be appropriate.  The pattern of violations in this matter indicates an escalation of disregard of authority and failure to recognize and take action to correct a longstanding problem with addiction to controlled substances.  Less restrictive measures have previously been attempted, but with no discernible benefits.  The Defendant was directed to attend substance abuse treatment upon testing positive for controlled substances on two prior occasions, but failed to comply.  In addition, his drug use continued even to the date of the most recent violation, when Ison informed the Court that he had taken Xanax prior to entering the Kmart store where he attempted to steal merchandise.   A term of imprisonment will be both necessary and sufficient  to address the concerns embodied in 18 U.S.C. § 3553.

(iv) The sentencing guideline recommendation for imprisonment and statutory limitations.  In the instant matter, the most serious of the violations committed by the Defendant is a  Grade C violation, and under § 7B1.4(a), based on the Defendant's criminal history category of IV, the guideline range of imprisonment would be six (6) to twelve (12) months.  The maximum statutory period of imprisonment would be a term of not more than twenty-four (24) months. *See* 18 U.S.C. § 3583(e)(3).  The maximum statutory reimposition of supervised release would be a term of three (3) years less any term of imprisonment imposed upon revocation. *See*   18 U.S.C. § 3583(h).  The Guidelines are, of course, advisory in nature, to be considered by the District Judge along with all relevant factors in exercising his sentencing discretion.

For the reasons stated herein, IT IS RECOMMENDED AS FOLLOWS:

      (1)    That the Defendant be found to have committed the five (5) violations outlined above; and

      (2)    That the Defendant be sentenced without delay to the period of twelve (12) months incarceration. To the extent possible, the Court would recommend that Ison serve his time at FCI Ashland. Upon release from incarceration, the Defendant should be required to resume his unexpired term of supervised release.

    Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. <u>United States v. Campbell</u>, 261 F.3d 628, 632 (6th Cir. 2001); <u>Bituminous Cas. Corp. v. Combs Contracting Inc.</u>, 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004); <u>Miller v. Currie</u>, 50 F.3d 373, 380 (6th Cir. 1995).

    Signed June 20, 2013.



Signed By:
<u>Edward B. Atkins</u>   *EBA*
United States Magistrate Judge