UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CRIMINAL ACTION NO. 10-7-DLB-EBA-9

UNITED STATES OF AMERICA                                                                   PLAINTIFF

VS.                                              ORDER

CHARLES NELSON MONROE ISON                                                       DEFENDANT

*******************************

    This matter is before the Court upon the Report and Recommendation ("R&R") of the United States Magistrate Judge wherein he recommends that the Court revoke Defendant's supervised release and impose a sentence of twelve (12) months incarceration, with Defendant then continuing any unexpired term of supervised release. (Doc. # 231).  During the final revocation hearing conducted by Magistrate Judge Atkins on June 20, 2013, Defendant stipulated to violating several conditions of his supervised release as set forth in the March 27, 2013 Supervised Release Violation Report and June 11, 2013 addendum.  (Doc. # 229).  Specifically, he admitted violating the following conditions:

    The defendant shall not commit another federal, state or local crime;

    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

    The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

> The defendant shall participate in a substance abuse treatment program and shall submit to periodic drug and alcohol testing at the direction and discretion of the probation officer during the term of supervision;
>
> Although the total amount of restitution in this matter is greater, the defendant shall pay restitution in the amount of $2,430.98, which shall be due immediately.  This amount shall be joint and several with his co-defendants.  The defendant shall pay $25 quarterly installment payments while incarcerated, unless employed through the Bureau of Prisons UNICOR Industries, then she shall pay $60 per quarter.  Any unpaid remaining balance she become a condition of his supervision and a payment schedule will be set by subsequent order.

(Doc. # 231, at 2-3); (Doc. # 159, at 3-4).

Defendant having executed a waiver of his right to allocution (Doc. # 230), there being no objections filed to the Magistrate Judge's R&R, and the time to do so having now expired, the R&R is ripe for the Court's consideration.  Having reviewed the R&R, and the Court concluding that the R&R is sound in all respects, including the recommended sentence and the basis for said recommendation, and the Court being otherwise sufficiently advised,

    **IT IS ORDERED** as follows:

(1) The Magistrate Judge's Report and Recommendation (Doc. # 231) is **ADOPTED** as the findings of fact and conclusions of law of the Court;

(2) Defendant is found to have **VIOLATED** the terms of his supervised release;

(3) Defendant's supervised release is hereby **REVOKED**;

(4) Defendant is sentenced to the **CUSTODY** of the Attorney General for a period of **TWELVE (12) MONTHS**, and will then **continue on any unexpired term of supervised release**;

(5) That the above sentence, to the extent possible, be served at FCI Ashland;

(6)   Defendant shall continue on the conditions previously imposed; and

(7)   A Judgment shall be entered contemporaneously herewith.

This 9th day of July, 2013.



G:\DATA\ORDERS\Ashland Criminal\2010\10-7-9 Order Adopting R&R.wpd