UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 0:10-07-DLB-9

UNITED STATES OF AMERICA,                                               PLAINTIFF,

V.                       **MAGISTRATE JUDGE'S**
                      **REPORT AND RECOMMENDATION**

CHARLES NELSON MONROE ISON,                                             DEFENDANT.

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

This matter came before the Court for a final revocation hearing on February 5, 2015, as a result of a Supervised Release Violation Report dated January 13, 2015. The report outlines three (3) violations of Defendant's Supervised Release. At the final hearing, Ison was present and represented by appointed counsel, Sebastian M. Joy, and the United States by and through Assistant United States Attorney Laura Klein Voorhees. During the hearing, Ison stipulated to the three (3) violations as outlined in the report, waived his right of allocution before a United States District Judge and exercised his right of allocution before the undersigned. The United States asked for a term of imprisonment of twelve (12) months, and the Defendant requested incarceration for a period of seven (7) months. Both parties agreed that there should be no supervised release to follow. The matter now stands submitted for a recommendation from the undersigned. For the reasons that follow, the undersigned will recommend that Ison be found guilty of the three (3) violations outlined in the report and that the Court impose a sentence of twelve (12) months incarceration with no supervised release to follow.

## FINDINGS OF FACT

At the hearing on February 6, 2015, Ison admitted that he was arrested in Carter County, Kentucky on a DUI charge, failed to show for his state court date, and had a bench warrant issued against him. In addition, Ison conceded that he has failed to submit a single monthly report to the probation office since starting his term of supervision. Further, Ison admitted that he failed to notify his probation officer within seventy-two hours of his DUI arrest. As a result of this activity, his stipulated conduct establishes, by a preponderance of the evidence, that he has violated the following conditions of supervised release:

(1) Supervised release condition: Defendant shall not commit another local, state, or federal crime. (Grade C Violation);

(2) Standard condition: Defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer. (Grade C Violation);

(3) Standard condition: Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. (Grade C Violation).

## ANALYSIS

In making a recommendation regarding the imposition of sentence, the undersigned has considered the following factors set forth in 18 U.S.C. § 3553:

**(i) The History and Characteristics of the Defendant, and the nature and circumstances of the offense.** Defendant is a thirty-one-year-old male who has an eleventh-grade education and completed his GED while in the custody of the BOP for the underlying felony in this case. Defense counsel related to the Court that Defendant has a history of substance abuse dating back to his teenage years. Indeed, during Defendant's first term of supervision he spent time in two different

outpatient substance abuse treatment centers. However, the Defendant and counsel represent that he is competent both in his ability to understand the nature and consequences of the proceedings against him and to assist in his defense.

On January 10, 2011, Ison was sentenced to ten months imprisonment, to be followed by a three-year term of supervised release, after pleading guilty to four counts of aiding and abetting conspiracy to manufacture, utter, and possess counterfeit checks in violation of 18 U.S.C. §§ 2, 371. [Rs. 150, 159]. Defendant began his term of supervised release on November 1, 2011. Subsequently, Defendant committed two violations of his supervised release by testing positive for Oxycodone, Marijuana, and Buprenorphine on April 30, 2012 and by testing positive for Oxycodone on August 28, 2012. On July 9, 2013, his supervision was revoked after he was found to have violated the conditions of his release for the third time by abusing drugs, failing to file reports, failing to make restitution, committing theft, and associating with others engaged in criminal activity. [R. 231]. As a result, he was sentenced to 12 months' imprisonment with a 218-day term of supervised release to follow.

After serving out his sentence, Ison's second term of supervision started on June 10, 2014. While on supervision, Ison failed to submit a single monthly report. Further, on September 27, 2014, he was arrested in Carter County, KY and charged with DUI first offense. According to the police citation, Ison failed the field sobriety tests, refused to have blood work done, and admitted he had consumed pain medication before driving. Subsequently, Ison failed to appear for a November 17, 2014 court date, and a bench warrant was issued against him. Thereafter, Ison failed to report his arrest to the probation office. Ison's failure to comply with even the simplest of his release conditions and his continued substance abuse are indicative of a failure to take responsibility for his

3

problems and his actions.

**(ii) The need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to future conduct; and to protect the public from further crimes of the Defendant.** Considering the Defendant's criminal history category, the instant and past violations in this matter, his personal history, and his struggle with substance abuse, the Court believes a period of twelve (12) months' incarceration to be appropriate. During Ison's revocation hearing, defense counsel asserted that Ison has taken steps to change his life during the past two months by turning himself in on his DUI charge and by finding a supportive girlfriend. For this reason, defense counsel asserted that seven (7) months' imprisonment would be sufficient. However, Defendant's string of violations in this matter indicates that he has a longstanding problem with substance abuse and with disregarding the authority of this Court. Thus, finding a lack of any concrete examples from Defendant of a real effort to correct his criminal behavior, the undersigned finds that a term of imprisonment of twelve (12) months will be necessary to address the concerns embodied in 18 U.S.C. § 3553.

**(iii) The sentencing guideline recommendation for imprisonment and statutory limitations.** In the instant matter, the most serious of the violations committed by the Defendant is a Grade C violation, and under § 7B1.1, based on the Defendant's criminal history category of IV, the guideline range of imprisonment would be six (6) to twelve (12) months.

During Defendant's revocation hearing, defense counsel asserted that the maximum statutory period of imprisonment would be a term of not more than one year. More specifically, defense counsel argued that a sentence imposed for violation of supervised release, when added to the time served on the original, preceding sentence, may not exceed the maximum penalty for the underlying

4

offense. In this case, Defendant served twelve months' imprisonment for his initial supervised release violation offense, which carried a maximum penalty of twenty-four months incarceration [R. 231 at 4]. Therefore, under defense counsel's rationale, the Court could not impose a term of imprisonment of more than twelve months for Defendant's second release violation because the combined sentences would then exceed the twenty-four month maximum sentence of the underlying initial, underlying supervised release violation.

Defense counsel's argument is unavailing because his position has been expressly rejected by the Sixth Circuit Court of Appeals. In United States v. Wright, the Sixth Circuit stated, "it is possible for a defendant to be sentenced and serve the statutory maximum term of imprisonment for the offense and after his release from prison to be subject to further imprisonment if he violates the terms of his supervised release." 2 F.3d 175, 180 (6th Cir. 1993). Accordingly, the maximum statutory period of imprisonment is a term of not more than twenty-four months, rather than a term of not more than twelve months. See 18 U.S.C. § 3583(e)(3).

In addition, the maximum period of supervised release upon re-imposition would be not more than three (3) years, less any term of imprisonment imposed upon revocation. See 18 U.S.C. § 3583(h). The Guidelines are, of course, advisory in nature, to be considered by the District Judge along with all relevant factors in exercising his sentencing discretion.

## **RECOMMENDATION**

The undersigned in making a recommendation, has considered the facts set out above in accordance with controlling law, the Defendant's past and persistent criminal conduct, the serious nature of the instant violations, and the parties' arguments regarding the appropriate length of the Defendant's sentence.

For the reasons stated herein, IT IS RECOMMENDED AS FOLLOWS:

(1)     That the Defendant be found to have committed the violation outlined above, based on his stipulation; and

(2)     That the Defendant be sentenced without delay to 12 months incarceration with no supervised release to follow.  To the extent possible, the Court would recommend that Ison serve his time at FCI Ashland.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived.  United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002).  General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal.  Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed February 6, 2015.



Signed By:
*Edward B. Atkins*   *EBA*
**United States Magistrate Judge**